# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-CV-01052-MJR |
| DAVID A. REDNOUR, et al., | ) ) |
| Defendants. | ) |

## ORDER

**REAGAN, District Judge:**

On November 30, 2011, Plaintiff Gregory J. Turley, an inmate in the custody of the Illinois Department of Corrections, filed a 42-page civil rights complaint alleging that prison officials conspired to violate his constitutional rights, failing to protect him from harm, and retaliating against him (Doc. 1). Turley also moved for leave to proceed as a pauper, without prepaying fees and costs (Doc. 2). In accordance with 28 U.S.C. 1915, the motion for leave to proceed as a pauper was reviewed, pauper status was granted, and an initial partial filing fee was assessed on December 7, 2011 (Doc. 6). Although pauper status was granted, 28 U.S.C. 1915A requires that all complaints filed by prisoners be screened "as soon as practicable" to determine if a cognizable claim has been stated.

On January 4, 2012, Turley, a frequent litigator in this district, filed a "Motion for P.L.R.A. Screening," elaborating on his claims, describing an additional incident of retaliatory discipline by the defendant prison officials, and requesting that the Court's threshold review be completed within 14 days (Doc. 7). On May 7, 2012, with his case still awaiting threshold review, Plaintiff Gregory J. Turley filed a complaint in the Court of Appeals for the Seventh Circuit under 28 U.S.C. 351, asserting that the undersigned district judge has acted with

1

prejudice and has impeded the effective and expeditious administration of the business of the courts by: (1) failing to rule on the motion for screening; (2) failing to complete the Section 1915A review in this case; and (3) failing to disqualify himself from three other cases filed by Turley.

Following assessment of the initial partial filing fee, this case joined the queue of approximately 90-100 prisoner cases awaiting review at any given time. In his motion for screening, Turley cites Teague v. Mayo, 553 F.3d 1068 (7th Cir. 2009), which makes clear that, although a partial filing fee is required, the Court should not await payment of the entire fee before undertaking the review required by Section 1915A. The Court is <u>not</u> awaiting further payments toward the filing fee; rather, the delay in completing the threshold review of the complaint is merely due to the high volume of prisoner litigation initiated in this district— approximately 400 cases per year. Lodging a Section 351 misconduct complaint with the Court of Appeals will neither expedite nor delay the threshold review of the complaint. Accordingly, Turley's "Motion for P.L.R.A. Screening" (Doc. 7) will now be **DENIED**. Turley's Section 351 judicial misconduct complaint remains the prerogative of the Court of Appeals.

**IT IS SO ORDERED.**
**DATED: May 11, 2012**

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE