IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GREGORY J. TURLEY, # N-08083, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-1052-MJR |
| | ) | |
| DAVID A. REDNOUR, JOANNA HULCE, | ) | |
| KIM BUTLER, BETSY SPILLER, TRACY | ) | |
| HARRINGTON, MAJOR WESTERMAN, | ) | |
| ROGER WALLER, LT. LIEFER, SGT. | ) | |
| SCHERTZ, J. VASQUEZ, OFFICER | ) | |
| TADARO, OFFICER MAUE, S. HENRY, | ) | |
| SGT. HASSEMEYER, SANDRA FUNK, and | ) | |
| JOHN DOES 1 and 2, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that all defendants have conspired to retaliate against him for filing grievances and lawsuits complaining about the conditions and his treatment at Menard. Specifically, Plaintiff claims that 1) Defendants Rednour, Butler, Spiller, and Harrington, have failed to protect him from his "enemies," other Menard officials; 2) Defendant Hulce failed to protect him from threats of harm of which she had specific knowledge; 3) Defendants Tadaro and Maue assaulted and made threats against him, and Defendants Rednour, Spiller, Vasquez, Schertz, Waller, Westerman, Liefer, Henry, and Hassemeyer, knew of the assault and threats, but failed to take any remedial action; and 4) Defendant Funk refused to transfer Plaintiff to another IDOC facility, leaving Plaintiff at risk of

harm.  Plaintiff claims that each defendant was motivated to mistreat him in retaliation for his filing of multiple grievances and lawsuits against Menard employees.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated colorable federal causes of action against all named defendants for retaliation and conspiracy to retaliate, in violation of the First Amendment.

Plaintiff names two John Doe defendants, one he identifies as a Placement Officer.  The Court has reviewed the factual allegations in the complaint and finds that despite naming these defendants, Plaintiff has made no specific factual allegations against them.  Accordingly, John Does 1 and 2 are **DISMISSED with prejudice** from the action because Plaintiff has stated no claims against them.

### DISPOSITION

John Does 1 and 2 are **DISMISSED** from the action with prejudice.   The Clerk of Court shall prepare for Defendants Rednour, Hulce, Butler, Spiller, Harrington, Westerman, Waller, Liefer, Schertz, Vasquez, Tadaro, Maue, Henry, Hassemeyer, and Funk:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 13, 2012**

                                                  _s/ MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge