## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GREGORY J. TURLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 11−cv−1052−MJR−SCW** |
| | ) | |
| **DAVID A. REDNOUR, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Motion Seeking Relief from Order (Doc. 73). Specifically, Plaintiff seeks relief from this Court's Order (Doc. 61) granting in part and denying in part Plaintiff's motion for leave to file Amended Complaint. Plaintiff indicates that the Court was mistaken in denying him leave to amend his Complaint by adding claims of retaliation against Niepert and Clendenin and a failure to protect claim against Atchison, Butler, and Thomas. Defendants have filed a Response (Doc. 83) to the motion, but only to address Plaintiff's allegations that the Menard law library had withdrawn many of the federal law books that Plaintiff relies on from the library.[1]

Plaintiff seeks relief from the Court's Order denying in part Plaintiff's request to amend his Complaint under **Federal Rule of Civil Procedure 60(b).** Plaintiff cites to the catchall

---

[1]  Plaintiff indicated in the first part of his motion that he could not get to the law library in order to file a timely response to the pending motion to dismiss and that the library had removed many of the books that he uses to write motions and conduct litigation in this Court. Defendants' Response indicated that the books had indeed been removed from the law library but they were removed only to allow repairs to the law library after the library suffered a small fire. Defendants also inform the Court that the materials have since been returned to the law library. The Court finds no suspicious motive on the parts of Defendants or anyone else at Menard for removing the books that Plaintiff allegedly uses on a regular basis.

provision under Rule 60(b) which allows for relief for "any other reason that justifies relief." **FED.R.CIV.P. 60(b)(6).** "Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause are mutually exclusive." *Brandon v. Chicago Bd. of Educ.,* **143 F.3d 293, 295 (7th Cir. 1998) (internal citations omitted).** Plaintiff, in essence, argues in his motion that the Court was mistaken on several of its bases for denying Plaintiff leave to amend his Complaint. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." **FED.R.CIV.P. 60(b)(1).** Rule 60(b) is only reserved for exceptional circumstances. *McCormick v. City of Chicago,* **230 F.3d 319, 327 (7th Cir. 2000).** This is required even more so when a party seeks relief under Rule 60(b)(6) as the movant must present evidence of "extraordinary and exceptional circumstances." *Musch v. Domtar Industries, Inc.,* **857 F.3d 857, 851 (7th Cir. 2009).**

Here, Plaintiff neither offers evidence of an extraordinary circumstance nor a mistake on the Court's part. Instead, Plaintiff merely rehashes the arguments he presented in his original motion to amend and states that the Court is incorrect in its findings. Plaintiff merely takes umbrage with the Court's findings, which is not a grounds for relief under Rule 60(b). Further, Plaintiff argues that the Court took a heightened pleading review of his claims which is not appropriate. The Court notes that it did not subject Plaintiff to a heightened pleading standard. However, the Court rightfully reviewed Plaintiff's claims under 28 U.S.C. § 1915 which it is required to do in all prisoner cases filed under § 1983. A Court is required to identify and dismiss any legally insufficient claims under § 1915. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

Here, the Court rightfully found that Plaintiff failed to state a claim of retaliation against Defendants Niepert and Clendenin because he failed to allege that Defendants had retaliated

against him or participated in the alleged retaliation against him.  Instead, Plaintiff only stated that he filed a motion with the Court regarding Todaro and Maue and that Niepert and Clendenin must of told Todaro and Maue about the motion filed, causing Todaro and Maue to retaliate against Plaintiff. However, there are no allegations that Niepert and Clendenin participated in the conspiracy to retaliate against him or conducted the cell search and wrote the false disciplinary ticket.  Thus, the Court properly found that Plaintiff failed to state a claim against Niepert and Clendenin.

Further, the Court properly found that Plaintiff failed to state a claim for failure to protect against Defendants Atchison, Butler, Thomas, and Spiller.  The Court denied Plaintiff leave to amend his Complaint by adding claims against Spiller because Plaintiff failed to set forth any specific allegations against Spiller and instead just listed Spiller in a laundry list of individuals involved in the "conspiracy" against him.  Now, Plaintiff tries to state that he did allege claims against Spiller by writing Spiller letters and that Spiller refused to talk to him.  However, Plaintiff still lacks any allegations that Spiller failed to protective him from any type of harm.  Thus, the Court finds that Plaintiff still has failed to allege a claim of failure to protect against Spiller and the Court properly denied his previous motion to add Spiller.  As to Atchison, Butler, and Thomas the Court properly found that Plaintiff had failed to state a claim because he did not allege that Defendants failed to protect him from a known risk; instead he merely stated he asked them to be placed in protective custody and they refused.  Accordingly, the Court **DENIES** Plaintiff's motion seeking relief from Order (Doc. 73).

IT IS SO ORDERED.             DATED: December 20, 2012.

                                        /s/ Stephen C. Williams
                                        United States Magistrate Judge