IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY J. TURLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.  11-cv-1052-MJR-SCW |
| | ) |
| **DAVID A. REDNOUR, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court are several motion filed by Plaintiff.  Specifically, Plaintiff has filed several motion to compel discovery (Docs. 114, 117, & 122) as well as a motion for investigation (Docs. 115 & 118).  Defendants have filed Responses to the various motions (Docs. 120, 119, 122, & 124).  Based on the following, the Court rules as follows:

**A.      Plaintiff's Motion to Compel (Doc. 114)**

Plaintiff's first motion to compel (Doc. 114) is best construed as a motion for additional documents, as it seeks to have Defendants answer Plaintiff's second set for request for production of documents, a set of requests which are in excess of the number of requests allowed by the Court's Trial Practice Schedule (See Doc. 101-2 Ex. B).  Plaintiff's motion also states his need for each document he seeks in his second set for request for production.  Defendants object to Plaintiff's additional requests, as a whole, because the requests exceed the number of requests allowed by the Court's trial practice schedule.  They do not state any specific objections to Plaintiff's individual requests.  Because the Court construes Plaintiff's motion to compel as a motion for additional requests and as Plaintiff has stated his need for the specific requests, the Court will allow Plaintiff to seek the additional requests he asks for in his second request for production of documents.  Thus, the

Court **GRANTS** Plaintiff's motion to compel and **DIRECTS** Defendants to respond to Plaintiff's second request for production (Doc. 101-2 Ex. B). Defendants will have **thirty (30) days** from the date of this Order in which to respond to Plaintiff's requests.

**B.     Motion for Investigation (Doc. 115) and Motion to Correct/Add Date (Doc. 118)**

Plaintiff's next motion seeks an Order from this Court regarding Plaintiff's access to the electronic filing system. Specifically, Plaintiff seeks an Order directing Menard Correctional Center's Warden to provide Plaintiff with electronic filings made in this Court within 24 hours of their receipt and that the filings be receipted and signed by the Plaintiff. Plaintiff also seeks an Order providing him with access to the Court's electronic filing system twice a week to file motions in a timely fashion. Plaintiff states this is necessary due to an ongoing problem with paralegals at Menard Correction Center who are not providing adequate law library assistance. Plaintiff's motion to amend (Doc. 118) further states that law library assistance was denied, and thus deliveries of electronic filing notices were delayed, from February 5, 2013 until February 21, 2013. Defendants have filed a Response (Doc. 119) in opposition to Plaintiff's motion indicating that Menard's warden is not a party to this suit and thus the Court cannot Order the warden to follow a specific procedure at the prison in regards to electronic filing.

The Court **DENIES** Plaintiff's motions (Docs. 115 & 118). The Court has looked into the matter itself and has been informed that there were, indeed, issues with electronic filing access due to temporary problems caused by staffing changes which interfered with the compliance of this Court's General Order regarding electronic filing. However, those issues have since been resolved and the Court finds no justification to deviate in any way from the Court's General Order regarding electronic filing in Plaintiff's case. Plaintiff also indicates that he has been harassed and retaliated against for his filings on the electronic filing system. He has previously indicated in this case, and

other cases before this Court, that individuals at Menard were reading his filings and retaliating against him because of his filings. The Court notes that the documents filed in this case are a matter of public record and are publically available to any member of the public who chooses to view the system. Further, to the extent that Plaintiff feels that he is being retaliated against for his use of filing system, those issues can be addressed by Plaintiff through the grievance process or by other legal means. They are not, however, claims or issues which are before this Court in Plaintiff's current lawsuit. Plaintiff's motions are, accordingly, **DENIED** (Docs. 115 & 118).

**C.**     **Plaintiff's Motion to Compel (Doc. 117)**

Plaintiff's next motion to compel (Doc. 117) seeks to compel Defendants to produce Investigation Reports which Plaintiff indicates that he has previously requested. Defendants previously objected to producing these documents and in their Response (Doc. 122) continue to object to producing the report because it contains statements of inmate witnesses and thus raises security issues. Defendants indicate that they have a three page report and that the report lists sixteen (16) attachments, although counsel for Defendants indicates that he does not currently have the attachments. The Court **GRANTS IN PART** Plaintiff's motion. The Court **DIRECTS** Defendants to produce to the Court for in-camera review the three page report as well as the sixteen (16) attachments so that the undersigned may determine the discoverability of the documents. Defendants have up to and including **April 19, 2013** in which to submit the documents for in-camera review to the Court's proposed documents email.

**D.**     **Plaintiff's Motion to Compel (Doc. 123)**

Plaintiff's final motion to compel (Doc. 123) seeks to compel Defendants to produce South Lower Cellhouse Shakedown Log Book from November 1, 2011 to December 15, 2011, as well as an unredacted IDOC Movement Charts. Plaintiff indicates that he previously received a redacted

Movement Chart which redacts the type of pass the inmate was on and his destination. Defendants have filed a Response (Doc. 124) in opposition to the motion indicating that they have not yet received the shakedown logs from Menard Correctional Center and that they cannot determine at this time whether any information in the logs will need to be redacted. As to the shakedown logs, the Court **GRANTS IN PART** Plaintiff's motion and **DIRECT** Defendants to produce the requested shakedown logs. These logs must either be produced in their unredacted form or, if Defendants believe that the logs should be redacted, Defendants must indicate in their response to Plaintiff why they believe redaction was necessary. If Defendants are unable to produce the documents, they must file a notice with the Court indicating who at Menard Correctional Center they spoke with regarding the log, whether the logs exist, and why the logs have not been produced. Defendants will have **thirty (30) days** from the date of this Order to produce the logs or file their notice should the logs not be produced. As to the Movement Chart, Defendants indicate that the document was properly redacted to protect confidential information regarding the inmates that was not relevant to this case. The Court agrees with Defendants and finds that Plaintiff has failed to provide an adequate explanation as to why he needs the redacted material. Plaintiff only indicates that the information is "relevant as evidence and based from his Complaint's allegations" but he fails to identify specifically why this information he seeks is relevant. Thus, the Court **DENIES** Plaintiff's request for an unredacted movement chart.

**IT IS SO ORDERED**.

DATED: April 12, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge