IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY J. TURLEY,                )
                                  )
         Plaintiff,               )
                                  )
vs.                               )   Case No.   11-cv-1052-MJR-SCW
                                  )
DAVID A. REDNOUR,                 )
                                  )
         Defendant(s).             )

### REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

#### I.   Introduction

This case is before the Court on a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Docs. 95 & 96) filed by Defendants Jason Vasquez, Roger Schertz, Roger Waller, Darrell Westerman, Dan Liefer, Sean Henry, Chad Hasemeyer, Sandra Funk, Terri Anderson, and Terri Dethrow .[1]  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **DENY** the motion for summary judgment based on exhaustion (Docs. 95 & 96).

#### II.   Findings of Fact

**A.   Procedural Background**

This matter stems from a Complaint filed by Plaintiff on November 30, 2011 alleging

---

[1] At the hearing, Defendants Funk and Anderson conceded that they were mentioned in the grievances and thus withdrew their motion.  Plaintiff also indicated that he dropped Westerman and Waller from the case in his Amended Complaint, although those Defendants were never terminated from the case. Thus, to the extent that Defendants Waller and Westerman have not been terminated, the undersigned notes that Defendants Waller and Westerman are no longer part of the case.

claims of failure to protect and retaliation against numerous defendants (Doc. 1). Only two of Plaintiff's claims are at issue in this case. The first claim at issue is Plaintiff's failure to protect claim against Defendants Rednour, Spiller, Vasquez, Schertz, Waller, Westerman, Liefer, Henry, and Hasemeyer, for their failure to protect Plaintiff against an assault by correctional officers Todaro and Maue (Doc. 10). The other claim at issue is Plaintiff's retaliation claim raised in his Amended Complaint against Defendants Maue, Chandler, Clover, Dethrow, and Todaro for an alleged false cell search conducted by the Defendants (Docs. 61 & 63).

In response to Plaintiff's Amended Complaint, several of the Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Specifically, Defendants argued that Plaintiff had failed to exhaust his administrative remedies as to Defendants Hasemeyer, Schertz, Liefer, Henry, Dethrow, Waller, Westerman, Anderson, and Funk. Defendants noted that although Plaintiff had filed grievances about the assault by Todaro and Maue, he had not mentioned that any of the at issue Defendants had failed to protect him from the assault. Further, Defendants argued that Plaintiff had failed to file any grievances naming Funk, Dethrow, and Anderson. Plaintiff filed a Response (Doc. 116) arguing that he had named all of the Defendants in a grievance originally filed December 11, 2011, and then rewritten December 14, 2011, but that the Defendants were named on pages three (3) and four (4) of that grievance and those pages were never returned to him.

**B.** *Pavey* **Hearing**

In accordance with *Pavey v. Conley*, the Court conducted an evidentiary hearing on April 30, 2013. *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008).** The crux of the issue before the Court was whether Plaintiff named the at issue Defendants in his grievances so as to exhaust his administrative remedies as to those Defendants

At the hearing, Defendants conceded that Funk and Anderson were grieved by Plaintiff and, thus, Defendants withdrew their motion as to Funk and Anderson. Plaintiff also noted that he dismissed Defendants Waller and Westerman in his Amended Complaint (Doc. 63) and thus Waller and Westerman were also withdrawn from Defendants' summary judgment motion. The only Defendants left at issue in regards to exhaustion were Defendants Dethrow, Vasquez, Schertz, Liefer, Henry, and Hasemeyer. Defendants argued that these individuals were not mentioned in any of his grievances. Defendant did note that Defendant Dethrow was listed as one of Plaintiff's enemies in a grievance dated January 24, 2012 (Doc. 100 Ex. C) but Dethrow was not the subject of the grievance, nor were the enemies listed in his enemy list the subject of the grievance.

Plaintiff, however, testified that he did list the Defendants in a grievance dated December 14, 2011. Plaintiff noted that the grievance was originally filed as an emergency grievance on December 11, 2011, but he had to rewrite the grievance on December 14, 2011 because the original grievance was never received. Plaintiff maintained that he listed Vasquez, Schertz, Liefer, Dethrow, and Henry on pages 3 and 4 of that grievance. However, pages 3 and 4 of the grievances were not returned to him when the grievance was returned from the chief administrative officer. Those pages are still missing. Plaintiff did not recall if he informed the ARB of the missing pages, although he believes he might have because of his normal procedure of filing cover letters with his grievances to the ARB.

Plaintiff also pointed to other evidence in the record indicating that those Defendants were listed on the missing pages of his grievance. He pointed to several letters submitted with his Response that were written to his counselor and grievance officer about the missing pages of his grievance (Doc. 100 Ex. B). Specifically, his February 3, 2012 letter to Grievance Officer Harrington indicated that two pages were missing from his December 14, 2011 grievance (Doc. 100 Ex. B at p.

17). The letter noted that Defendant Dethrow was listed in that grievance on the missing pages. Plaintiff testified that Dethrow was specifically named on those pages as the gallery officer who gave her cell keys to Todaro so that he could enter Plaintiff's cell and conduct the allegedly false cell search, and that he specifically mentioned her in the letter to the grievance officer because he believed she would make a good witness. Plaintiff admitted that he didn't mention Vasquez or Henry in the letter even though they were also mentioned in the missing pages because at the time Plaintiff felt that securing Dethrow as a witness was the most important issue to him.

Although Plaintiff testified that Defendants Dethrow, Vasquez, Schertz, Liefer, and Henry were mentioned in the missing pages of his December 14, 2011 grievance, Plaintiff admitted that he did not name Hasameyer specifically in the grievance. Plaintiff did testify that he mentioned Internal Affairs in the first paragraph of the grievance and Hasameyer was a member of Internal Affairs. He also argued that Internal Affairs conducted an investigation into his assault by Todaro and Maue which would have put all of the Defendants on notice that he had claims against him.

### III. Conclusions of Law

Summary Judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, **604 F.3d 464, 467 (7th Cir. 2010).**

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). **42 U.S.C. §1997e(a).** That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* **(emphasis added).** The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir.**

2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion")**.** Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole,* 438 F.3d at 809.

Under *Pavey,* the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-41(7th Cir. 2008). Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3)If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id.* **at 742.** Although the court in *Pavey* included a hearing as one of the steps in determining whether

the plaintiff had satisfied the exhaustion requirement, "there is no reason to conduct an evidentiary hearing" in a "situation [where] there are no disputed facts regarding exhaustion, only a legal question." *Doss v. Gilkey*, 649 F.Supp.2d 905, 912 (S.D.Ill. 2009) (Gilbert, Phil J.).

A.     **Exhaustion Requirements Under Illinois Law**

As an inmate confined within the Illinois Department of Corrections, Turley was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Administrative Code §504.800 et seq.** The grievance procedures first require inmates to speak with the counselor about their complaint. **20 Ill. Admin. Code §504.810(a).** Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code §504.810(a)(b).** "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer…[who]shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." **20 Ill. Admin. Code §504.830(d).** If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative

Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." **20 Ill. Admin. Code §504.850(a).** "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." **20 Ill. Admin. Code §504.850(e).** "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Admin. Code §504.850(f).**

The grievance procedures do allow for an inmate to file an emergency grievance. In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. **20 Ill. Admin. Code §504.840(a).** If an inmate forwards the grievance to the CAO as an emergency grievance, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him which course he has decided is necessary after reading the grievance. **20 Ill. Admin. Code §504.840(b).** Once the CAO has informed the inmate of his decision, the inmate may then appeal that decision to the ARB on an expedited basis. **20 Ill. Admin. Code §504.850(g).**

B.   Analysis

Defendants Vasquez, Schertz, Liefer, Henry, Dethrow, and Hasemeyer argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as to them. Defendants argue that Plaintiff, himself, conceded that at the time he received his grievance

from the chief administrative officer, he knew that pages three and four of the grievance were missing. Defendants point out, however, that even with this knowledge, Plaintiff has failed to point to any evidence that he tried to inform the ARB of this issue or identify the missing individuals in the grievance to the ARB. Further, his letter to the grievance officer only mentions Defendant Dethrow and does not mention any of the other Defendants. Defendants argue that Plaintiff should have either re-filed the grievance or informed the ARB of the missing pages and individuals he was grieving, but he failed to do either.

The undersigned, however, finds that Plaintiff has exhausted his administrative remedies as to Defendants Vasquez, Schertz, Liefer, Henry, and Dethrow. The undersigned finds Plaintiff's testimony that he named these individuals in the missing pages of his December 14, 2011 grievance to be credible. At the hearing, Plaintiff testified that he listed Defendant Vasquez, Schertz, Liefer, Henry, and Dethrow in the grievance on pages three and four. Plaintiff also explained why he named each Defendant in the grievance and their individual roles in the incident he was grieving. He also testified that he wrote letters to both the counselor and grievance officer regarding these missing pages of the grievance.

Plaintiff also pointed to evidence in the record which supported his testimony. Plaintiff pointed to the letters he wrote to his counselor and grievance officer inquiring of them about the missing pages. He specifically pointed out that a letter to his grievance officer dated Feburary 3, 2012 even mentioned Dethrow as one of the individuals grieved on the missing pages (Doc. 100 Ex. B at pp. 14-17). The note, addressed to Grievance Officer Harrington, stated that: "My 12/14/11 grievance is missing two pages. C/O Dethrow (sic) is named in this grievance and will be sued as part of the group who attacked me on 12/10/11 – or allowed it to happen." (Doc. 100 Ex. B at p. 17). Plaintiff testified at the *Pavey* hearing that Dethrow was an important witness to him as she provided

the keys to the other officers which enabled them to enter his cell. He explained that he did not mention the other Defendants specifically in the letter because his focus was on Dethrow. It appears to the undersigned from Plaintiff's testimony and supporting exhibits that he tried to file a grievance against Defendants Vasquez, Schertz, Liefer, Henry, and Dethrow, but that the pages referring to those individuals was never returned to him. The undersigned further finds that the Defendants have failed to meet their burden to prove otherwise.

Having followed administrative procedures and filed his grievance all the way through the grievance process and to the chief administrative officer, the undersigned finds that Plaintiff was not required to further exhaust his administrative remedies as to those individuals listed on the missing pages as those pages were never returned to him. Although the Seventh Circuit has never specifically discussed what is to be done in a situation where only a part of a grievance is returned to an inmate, the Seventh Circuit has made it clear that an inmate need not grieve his grievance further when he does not receive a response from prison officials. *See Walker v. Sheahan*, **526 F.3d 973, 979 (7th Cir. 2000) (an inmate is not required to appeal his grievance if he submits the grievance to the proper authorities but never receives a response);** *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006) (a remedy can be unavailable to a prisoner if the prison does not respond to the grievance or uses misconduct to prevent a prisoner from exhausting his resources);** *Brown v. Darnold*, **2010 WL 3702373, at \*3 (S.D. Ill. 2010) ("The Seventh Circuit has held that administrative remedies become 'unavailable' when prison officials fail to respond to inmate grievances." (quoting** *Lewis v. Washington*, **300 F.3d 829, 833 (7th Cir. 2002)).** Here, Plaintiff only received a partial response from the chief administrative officer. The other two pages of the grievance which grieved Defendants Vasquez, Schertz, Liefer, Henry, and Dethrow were never returned to him. Thus, the undersigned finds that Plaintiff had done all he could for exhaustion purposes and he,

accordingly, fully exhausted his claims against Vasquez, Schertz, Liefer, Henry, and Dethrow.

However, the Court finds that Plaintiff failed to exhaust his administrative remedies as to Defendant Hasemeyer. Plaintiff admitted at the *Pavey* hearing that he did not specifically name Hasemeyer on the missing pages of his grievance. He testified that he never met with Hasemeyer; he only met with Defendant Henry as Henry came to his cell and interviewed him. Plaintiff, however, argues that he properly grieved against Hasemeyer because he listed Internal Affairs in the first paragraph of his December 14, 2011 grievance and because there was an Internal Affairs investigation. A review of the December 14, 2011 grievance shows that although Internal Affairs was named in the grievance, the first paragraph of the grievance does not appear to be grieving any actions by Internal Affairs. Instead, the first paragraph of the grievance provides background for Plaintiff's grievance indicating that he was assaulted by Todaro and Maue and that Internal Affairs investigated the incident (Doc. 100 Ex. B at p. 7). The grievance, however, grieves incidents of retaliation which occurred after the assault and as a result of Plaintiff grieving and filing a motion in his pending lawsuit about the assault. Thus, Plaintiff's discussion of Internal Affairs does not appear to be a grievance of any actions they took. Further, Plaintiff is incorrect that an investigation by the Internal Affairs puts officials on notice of Plaintiff's claims against them. The Seventh Circuit has rejected the argument that an inmate achieves the same objectives of a grievance by participating in an internal affairs investigation. *Pavey*, **663 F.3d at 905-06 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." (internal citations omitted)).** Thus, the fact that Internal Affairs conducted an investigation does not satisfy the exhaustion requirements as to Defendant Hasemeyer and the undersigned finds that Plaintiff failed to exhaust his claims against Hasemeyer.

## IV. Conclusion

In conclusion, the undersigned **RECOMMENDS** that the Court **GRANT IN PART AND DENY IN PART** Defendants' motion for summary judgment (Docs. 95 & 96). Specifically, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff has exhausted his administrative remedies as to Vasquez, Schertz, Liefer, Henry, and Dethrow, and thus their summary judgment should be **DENIED**. However, it is **RECOMMENDED** that the Court **FIND** that as to Defendant Hassameyer, Plaintiff has failed to exhaust his administrative remedies as to him and his motion for summary judgment should be **GRANTED**.

Should the Court adopt the findings and recommendations in this Report, only the failure to protect claim against Defendant Hassemeyer will be **DISMISSED without prejudice**. All other claims in this case will remain.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 **(7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **June 6, 2013**.

**IT IS SO ORDERED**.
DATED: May 20, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge