IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, #N-08083, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 11-1052-MJR |
| vs. | ) |
| | ) |
| JOANNA HULCE, LT. LIEFER, SGT. SCHERTZ and J. VASQUEZ, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

#### I.   Introduction

This matter has been referred to United States Magistrate Judge Stephan C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rules of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the issue of whether Defendant's motion to dismiss should be granted. Defendant's has filed a motion to dismiss (Docs. 98 & 99), which argues that the Plaintiff has failed to state a claim. Plaintiff filed a Response (Doc. 102) in opposition to the motion. It is **RECOMMEND** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** in part and **DENY** in part Defendant's Motion to Dismiss (Docs. 98 & 99).

#### II.   Findings of Fact

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on November 30, 2012, alleging the defendants conspired to retaliate against him for filing grievances

1

and lawsuits. Specifically, Plaintiff's Complaint alleges that (1) Defendant Hulce failed to protect Plaintiff from threats of harm, and (2) defendants Liefer, Shertz, and Vasquez knew of these assaults and threats and failed to act. Plaintiff's complaint alleges that he was moving cell houses under the supervision of Defendant Vasquez. Before moving Plaintiff claims that Defendant's Liefer and Schertz telephoned Plaintiff's movements to Vasquez who instructed them to transfer Plaintiff into an isolated shower area. Once there, Plaintiff was subjected to intimidation and retaliation for filing grievances and lawsuits against the officers. (Doc. 63). Defendant Hulce was, at the times relevant to this complaint, an Assistant Attorney General assigned to represent Defendants Vasquez, Shertz, and Liefer in other lawsuits filed by Plaintiff.

On January 15, 2013, Defendant's filed a motion to dismiss Plaintiffs Amended Complaint. Defendant maintains that the Plaintiff has failed to state a claim against Defendants Hulce, Liefer, Shertz, and Vasquez. Plaintiff filed a Response (Doc. 102) in opposition to the motion, arguing that his claim has stated and alleged a claim against Defendants.

### III.   Conclusions of Law

A.   **Motion to Dismiss Standard**

The purpose of a 12(B)(6) motion is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, **910 F.2d 1510, 1520 (7th Cir. 1990)**. In assessing a complaint or count under Rule 12(b)(6), the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, **475 F.3d 824, 833 (7th Cir. 2007)**; *Marshall v. Knight*, **445 F.3d 965, 969 (7th Cir. 2006)**; *Corcoran v. Chicago Park Dist.*, **875 F.2d 609, 611 (7th Cir. 1989).** Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. *Munson v. Gaetz*, **673 F.3d 630, 633 (7th Cir. 2012) (Citing** *Ashcroft v. Iqbal*, **556 U.S. 662, 681 (2009)).** Dismissal is warranted "only if it appears beyond

2

doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). For purposes of a Rule 12(b)(6) motion, the allegations of a *pro se* complaint, which this case was originally filed as, are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Kaba v Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Jones vv. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

**B.   Analysis**

   **1.   Claims against Defendant Hulce**

Defendant Hulce argues that Plaintiff's claim should be dismissed because he has failed to state a claim under § 1983. Specifically, liability under § 1983 requires proof of two essential elements: that the conduct complained of (1) "was committed by a person acting under color of state law" and (2) "deprived a person of rights, privileges, or immunities secured by the constitution or laws of the United States." *Parratt v.* **Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981)**, *overruled in part on other grounds by Daniels v.* Williams, 474 U.S. 327, 331-32, 106 S.Ct. 662, 664-665, 88 L.Ed.2d 662 (1986). First, Defendant Hulce contends in her motion that she was not acting under color of law. A person acts under color of law only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Polk County v. Dodson*, **454 U.S. 312, 315 (1981).**, (*citing U.S. v. Classic*, **313 U.S. 299, 326 (1941)).** In this case Defendant Hulce, acting as Assistant Attorney General, was assigned to represent the co-defendants from Menard. This assignment entailed functions and obligations that did not depend on state authority. From the onset of her appointment, Hulce became Liefer, Shertz, and Vasquez lawyer, and they became Hulce's clients. With the exception of a payment, their relationship became identical to that of any other lawyer and client. Namely, "once a lawyer has undertaken the representation of an accused, the duties and obligations are the same

whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program." **ABA Standards for Criminal Justice 4-3.9 (2d ed. 1980)**. In the American judicial system lawyers are often considered "officers of the court," but a lawyer representing a client is not by nature a state actor "under color of state law" within the bounds of § 1983. *Polk*, **454 U.S. at 318**. Plaintiff inaccurately asserts that this Court cannot ignore that the Office of the Attorney General enforces all laws of the state of Illinois, thus, Defendant Hulce was acting under color of law (Doc. 102). However, it is the very nature of the American adversarial system to promote truth and fairness through defense counsel, like Defendant Hulce, who was not acting on behalf of the state, but rather challenging the state made laws in advocating for her clients.

Second, Defendant Hulce argues that the Plaintiff's claim should be dismissed because he has failed to state a claim against her. Specifically, Defendant maintains that the Plaintiff has not identified a source of Defendant Hulce's duty to protect him from alleged constitutional violations. Public officials who know or should know about a wrong have no duty to correct the wrong and are responsible for their own misdeeds, but not for anyone else's. *Burks v. Raemisch*, **555 F.3d 592 (7th Cir. 2009)**. Omissions as well as actions may violate civil rights. Generally, however, the Constitution only creates negative duties for state actors. *See Archie v. City of Racine*, **826 F.2d 480, 486 (7th Cir. 1987)**. In certain cases liability under § 1983 may exist when one state actor fails to intervene to prevent another state actor from causing direct harm to a victim. *Yang v. Hardin*, **37 F.3d 282, 285 (7th Cir. 1994).** In *Yang*, the Seventh Circuit found that such a case can exist when one law enforcement officer has reason to know "that any constitutional violation has been committed by [another] law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Windle v. City of Marion, Ind.* **321 F.3d 658, 663 (7th Cir. 2003) (***citing Yang v. Hardin***, 37 F.3d 282, 285 (7th Cir. 1994)).** Liability

4

under this theory is not limited to law enforcement nor is it so vast as to place responsibility on every government employee to intervene in the acts of all other government employees. *Id.*

Here, Plaintiff seeks to recover damages from Defendant for not intervening when her clients allegedly retaliated against Plaintiff for filing grievances and lawsuits. Contrary to *Yang*, in the instant case there appears to be no particular governmental connection between Hulce and the staff at Menard outside of her representation. Plaintiff has failed to allege that Defendant Hulce has any authority over Menard staff, that she does not have over any ordinary citizen, or that she shares responsibility with Menard guards. Moreover, Plaintiff fails to allege that Defendant Hulce had the availability of a reasonable time to intervene or a reasonable likelihood of successful intervention. Therefore, Plaintiff has failed to state a claim under § 1983. Thus, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Doc. 99) be **GRANTED** and Plaintiff's complaint **DISMISSED in part**.[1]

### 2. Claims against Defendants Liefer, Schertz and Vasquez

Defendants Liefer, Schertz and Vasquez argue that the Plaintiff's allegations for conspiracy to retaliate against him should be dismissed for failure to properly allege a claim. Here, Defendants maintain that the Plaintiff's claim fails to make any allegations of how Defendants participated in such a conspiracy. (Doc. 99). On the contrary, Plaintiff's complaint alleges that he was scheduled to move cell houses under the escort of Defendant Vasquez. Prior to the move, Plaintiff states that defendant's Liefer and Schertz telephoned Plaintiff's movements to Vasquez instructing him to transfer Plaintiff into an isolated shower area. Once there, Plaintiff was subjected to intimidation and retaliation for reporting grievances and lawsuits against the officers. (Doc. 63). Here, in Plaintiffs complaint and exhibits he has provided adequate notice to defendant's for his

---

[1] Although Defendant raised the issue of qualified immunity, here, we do not reach that issue since the claim against Defendant Hulce has been dismissed on other grounds.

claim of relief by lodging specific allegations against Liefer, Schertz and Vasquez respectively. Moreover, Plaintiff's factual allegations are taken as true and all reasonable inference are drawn in his favor. Accordingly, Plaintiff complaint is plausible on its face as it provides ample facts to state a claim that Defendant's conspired to retaliate against him. Thus, Plaintiff's claim for conspiracy to retaliate is properly alleged and the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Doc. 99) be **DENIED** in part.

### IV.     Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT IN PART AND DENY IN PART** Defendants' motion to dismiss (Docs. 98 & 99). Specifically, it is **RECOMMENDED** that the Court **FIND** that Plaintiff has failed to state a claim against Defendant Hulce and the claims against her be **DISMISSED** without prejudice. However, it is **RECOMMENDED** that the Court **FIND** that Plaintiff has properly alleged a claim against Defendants Liefer, Schertz and Vasquez, and thus the motion to dismiss should be **DENIED** as to those Defendants.

Pursuant to **28 U.S.C. § 636(b) (1)** and **Local Rule 73.1(b)**, the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court of the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **July 22, 2013**.

IT IS SO ORDERED.        DATED:  July 3, 2013.        /s/ *Stephen C. Williams*

                                                STEPHEN C. WILLIAMS
                                                United States Magistrate Judge