IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-CV- 01052-MJR-SCW |
| ) | |
| DAVID A. REDNOUR, JOANNA ) | |
| HULCE, KIM BUTLER, BETSY SPILLER, ) | |
| TRACY HARRINGTON, LT. LIEFER, SGT ) | |
| SCHERTZ, J. VASQUEZ, OFFICER ) | |
| TADARA, OFFICER MAUE, S. HENRY, ) | |
| SGT HASSEMEYER, SANDRA FUNK, ) | |
| TERRI ANDERSON, MELISSA ) | |
| SAUERWEIN, LATOYA OWENS, ) | |
| BARBARA MUELLER, ROGER SHURTZ, ) | |
| JASON VASQUEZ, CHAD TODARO, ) | |
| LUCAS MAUE, BRETT CHANDLER, ) | |
| DETHROW, CLOVER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Stephen C. Williams (Doc. 135), recommending that this Court deny in part and grant in part Defendants' motion for summary judgment based on exhaustion. The Report and Recommendation was entered on May 20, 2013. No objections have been filed.

Plaintiff Gregory Turley, an inmate at Menard Correctional Center, filed this case

1

asserting failure to protect and retaliation claims against numerous defendants (Doc. 1). On January 8, 2013, several of the Defendants filed a joint motion for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit as to Defendants Hassemeyer, Vasquez, Schertz, Liefer, Henry, Dethrow, Waller, Westerman, Anderson, and Funk (Docs. 95). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Williams held an evidentiary hearing on Defendants' motion (*See* Doc. 139). Following the *Pavey* hearing, Magistrate Judge Williams issued the Report and Recommendation currently before the Court (Doc. 135). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, including the testimony heard during the *Pavey* hearing, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject or modify the magistrate judge's recommended decision." **Harper, 824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.  *See Thomas v. Arn*, **474 U.S. 140 (1985)**.  While a *de novo* review is not required here, the Court has considered the evidence adduced at the *Pavey* hearing and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Williams.  Plaintiff clarified at the hearing that Defendants Dethrow, Vasquez, Schertz, Liefer and Henry were mentioned on missing pages of his December 14, 2011 grievance.  He also pointed to other evidence in the record that substantiated this claim. Plaintiff admitted, however, that he did not specifically name Hassemeyer in the grievance.[1]

The Court **ADOPTS** Magistrate Judge William's Report and Recommendation (Doc. 135) and **GRANTS IN PART AND DENIES IN PART** Defendant's motion for summary judgment (Docs. 95, 96).  The Court finds that Plaintiff has exhausted his administrative remedies as to Defendants Vasquez, Schertz, Liefer, Henry, and Dethrow, and thus the motion for summary judgment as to these defendants is **DENIED**.  The Court, however, finds that Plaintiff has failed to exhaust his administrative remedies as to Defendant Hassemeyer, and thus the motion for summary judgment as to Defendant Hassemeyer is **GRANTED**.  Plaintiff's claim against Defendant Hassemeyer is **DISMISSED without prejudice**.  The claims as to all other defendants remain.

---

[1] Defendants conceded at the hearing that Funk and Anderson were grieved by Plaintiff and withdrew their motion as to those two defendants.   Plaintiff also dismissed Defendants Waller and Westerman in his Amended Complaint.

IT IS SO ORDERED.

DATED: July 16, 2013

                                              s/ Michael J. Reagan_____
                                              MICHAEL J. REAGAN
                                              United States District Judge