IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY J. TURLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-1052-MJR-SCW |
| | ) |
| **DAVID A. REDNOUR, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Reconsider Order Doc. #168 (Doc. 169). Specifically, Plaintiff requests that the Court change its previous decision denying his motion to strike Defendants' Answer as duplicative (Docs. 165 & 168). Plaintiff indicates in his motion that the Court misunderstood the facts of the matter and that Defendants Vasquez, Schurtz, and Liefer answered allegations to Plaintiff's Complaint that were solely against Defendant Henry (See Doc. 63 at ¶¶ 36, 37, and 38).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, **34 F.3d 533, 535 (7th Cir. 1994).** "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, **517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original)(citing** *Borrero v. City of Chicago*, **456 F.3d 698, 701-02 (7th Cir. 2006)(clarifying that "the former**

approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake or law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314(7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). Likewise, a movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." **FED.R.CIV.P. 60(b)(1).** However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Charrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir. 1964), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within

**the ambit of Rule 60(b)").**

Here, the Court finds that Plaintiff's motion would fail under either standard. Plaintiff indicates that the Court was mistaken about the factual situation that Plaintiff argues requires striking parts of Defendants' Answer. Plaintiff argues that certain paragraphs in his Amended Complaint (Doc. 63) pertain only to Defendant Henry but that Defendants Vasquez, Schurtz, and Liefer answered those paragraphs (Doc. 63 at ¶¶ 36, 37, and 38). However, a review of the Answer filed by Vasquez, Schurtz, and Liefer shows that they indicated they "lacked sufficient knowledge" to admit or deny the allegations against Defendant Henry. The Court finds this to be a proper response to the Complaint and the Court sees no reason to strike those paragraphs. Thus, the Court **DENIES** Plaintiff's motion to reconsider (Doc. 169).

**IT IS SO ORDERED**.
DATED: October 21, 2013.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge