IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY J. TURLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   11-cv-1052-MJR-SCW |
| | ) |
| **DAVID REDNOUR, et al.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court are two motions filed by Plaintiff, a Motion to Compel and Request to Inspect (Doc. 157) and a Motion to Request Release and Use of Investigation Report Info (Doc. 158).  Defendants have filed Responses (See Docs. 161 and 162, respectively) to both motions.  The Court rules as follows.

**A.     Motion to Compel and Request to Inspect (Doc. 157)**

Plaintiff's first motion seeks to compel Defendants to provide him with his IDOC Offender Tracking System (OTS) reclassification for September, October, November, and December, as well as an order from the Court allowing him to examine his digital IDOC Master File.  Specifically, Plaintiff indicates that his aggression level was changed from a 9 to a 5 in September or October 2011 and then raised to a 9 sometime between October and November 2011.  He seeks the reclassification records from September, October, and November of 2011 to show those aggression level changes.  He indicates that Defendants failed to produce those documents.  Further, Plaintiff requests that he

be permitted to inspect the reclassification section of his IDOC Master File. He also requests recruitment of counsel to conduct a deposition of Defendant Spiller, Assistant A.G. Hulce, Sean Wolters, and Defendant Henry. He also provides the Court with his allegations regarding what he believes happened between September and November 2011 regarding his aggression level changes and argues that several Defendants acted improperly. Plaintiff seeks an evidentiary hearing regarding his reclassification, aggression level changes, and alleged transfer requests.

Defendants have filed a Response in opposition to Plaintiff's motion (Doc. 161). Defendants note that there is no "digital master file" maintained by IDOC but there is a paper master file and electronic records of the Offender Tracking System. However, Defendants object to Plaintiff being allowed to search through those files as they contain security sensitive information. Further, Defendants indicate that they have provided all of the documents that Plaintiff sought but are willing to attempt to produce the document Plaintiff seeks.

The Court first notes that Plaintiff has included numerous factual allegations against many of the Defendants as part of his motion compel which the Court finds improper for this type of motion. Plaintiff raises numerous contested allegations about a security reclassification and transfer request that occurred between September and November 2011. Plaintiff alleges that Defendant Spiller was involved in the reclassification and attempted transfer, and that her actions constituted retaliation. He also alleges that A.G. Hulce advised Menard personnel to transfer Plaintiff. These allegations, however, have very little to do with his arguments for compelling Defendants to provide him with certain documents, other than to lay out a history of the case. Plaintiff has also requested that an evidentiary hearing be held as to these individuals and contested allegations which this Court declines to hold as this evidence should be raised at trial, not as part of an argument to compel the production of discovery. If Plaintiff's Complaint survives the dispositive motion stage, he will be able

to present his side of the case to the jury; he need not argue his case at this moment.

As to Plaintiff's discovery requests, the Court declines to provide him access to any electronic files held by IDOC. As Defendants point out, these files have sensitive security information and thus the Court will not grant Plaintiff access to his whole electronic file to search for documents himself. However, Plaintiff indicates in his motion that he is seeking the Offender Reclassification Assessment that was conducted on him between September through November or December 2011. He believes this document exists because his aggression level was changed to a 5 in September and then returned to a 9 in November. Thus, to the extent that such a document exists, the Court **ORDERS** Defendants to provide Plaintiff with his reclassification approval documents. Defendants will have up to **November 14, 2013** in which to provide Plaintiff with these documents. If these documents do not exist, Defendants are **DIRECTED** to provide Plaintiff with a formal written response stating as such. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel.

**B.    Motion to Request Release and Use of Investigation Report Info**

Plaintiff's second motion seeks instruction from the Court on how he is to proceed in handling the Investigative Report that was provided to him as part of Defendant's discovery. The Court allowed Plaintiff access to the documents and allowed him to take notes but instructed Plaintiff not to disclose his notes to anyone or tell anyone about the contents of the Investigative Report. Plaintiff now asks that the Court clarify its rule to allow Plaintiff to ask Defendants questions regarding the investigative report. Plaintiff also asks to be allowed to release his investigative report to the United States Attorney's Office and to discuss the contents of the report with the United States Attorney. Defendants have filed a Response (Doc. 162) indicating that they have no concerns in Plaintiff asking questions about the Report of Defendants, but objects to releasing the Report to the

U.S. Attorney as Plaintiff is seeking criminal charges which are irrelevant to this civil case.

The Court **GRANTS** Plaintiffs motion and **CLARIFIES** that its Order was not intended to prevent Plaintiff from using the Report in the discovery of this case as to Defendants. Plaintiff may ask Defendants questions regarding the Report. He may use the Report in the discovery and litigation of this case. Plaintiff is only prevented from discussing the contents of this Report with other prisoners and those not involved in the case. However, Plaintiff may report any concerns he has or criminal acts he believes have been committed to the United States Attorney's Office. The Court sees no security concerns in Plaintiff discussing the Report with an Assistant United States Attorney. He also may instruct the United States Attorney on the existence of the Report and where to obtain the Report.

**IT IS SO ORDERED**.
DATED: November 1, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge