IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY J. TURLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.  11-cv-1052-MJR-SCW |
| | ) |
| **DAVID A. REDNOUR, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On September 19, 2014, the Court held a pretrial conference in this case. The following memorializes the Court's findings and rulings at that hearing.

The Court first took up a Suggestion of Death which was filed for Defendant Brett Chandler on July 31, 2014. In light of Defendant's passing, Plaintiff requested that he be allowed to dismiss Defendant Chandler without prejudice. Defendants did not object to the oral motion and the Court **GRANTED t**he motion. The claims against Defendant Brett Chandler as **DISMISSED without prejudice**.

Plaintiff next sought to dismiss his claims against Defendant David A. Rednour. Defendant Rednour was served by waiver on September 13, 2012 and the waiver was returned executed on September 25, 2012 (Doc. 49). Defendant was given until November 13, 2012 in which to file an Answer, but he failed to do so. Plaintiff sought his dismissal in light of the fact that the same claims against other defendants were previously dismissed on summary judgment motion (Doc. 230). As the claims were dismissed against all other Defendants, Plaintiff sought to dismiss those same exact claims against Rednour as well. The Court **GRANTED** that motion and Defendant Rednour was **DISMISSED without prejudice**.

The Court next took up Plaintiff's pending Motion to Obtain a Copy of Investigation Report (Doc. 226).  The Court had previously ordered that Plaintiff be allowed limited time to review the report, but in light of the impending trial, Plaintiff requested to obtain a copy of the report in order to prepare for trial.   Plaintiff indicates that he needs it in order to prepare for his examination of the individuals in the report and for impeachment purposes.   Plaintiff is not represented by counsel and will be proceeding with the trial *pro se*, and the Court has found him competent to do so.   Defendants object to the motion and, in the alternative, request that Plaintiff only be given the report at trial.  However, as Plaintiff needs time with the report to prepare for trial in light of his *pro se* status, the Court **GRANTS** Plaintiff's motion.   Defendants are **DIRECTED** to provide Plaintiff with a copy of the investigation report and the attachments.   The Court, however, is aware of the security concerns posed by Plaintiff's possession of the investigative report, especially Menard's concerns that other inmates might obtain the report and review inmate witness statements.   In light of this concern, the Court **ORDERS** Plaintiff not to disseminate the report, show the report to other inmates, or make copies of the report.   Plaintiff will also only be allowed to maintain a copy of the report during the pendency of this case and will be **DIRECTED** to return the report to Defendants at the close of this case.

**IT IS SO ORDERED**.
DATED: September 19, 2014.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge