UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| GREGORY TURLEY, N#-08083, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Cause No. 11-1052-SCW |
| | ) |
| DAVID A. REDNOUR, et al., | ) |
| | ) |
|     Defendants. | ) |

## FINAL PRETRIAL ORDER

**I.   COUNSEL OF RECORD**

    **For Plaintiff:**

        Jay L. Kanzler
        Witzel Kanzler Dimmitt & Kanzler LLC
        2001 S. Big Bend. Blvd.
        St. Louis, Missouri 63117

    **For Defendants:**

        Christopher Higgerson
        Assistant Attorney general
        500 S. Second Street
        Springfield, Illinois 62706

**II.   NATURE OF CASE**

       Plaintiff is an inmate in the custody of the Illinois Department of Corrections. He filed this lawsuit pursuant to 42 USC § 1983 alleging that his civil rights were violated while he was incarcerated at Menard Correctional Center. Specifically, Plaintiff alleges that: (1) Defendants Todaro and Maue assaulted and threatened Plaintiff in retaliation for filing grievances, complaints and lawsuits; and (2) Defendants Todaro, Maue, and Clover searched Plaintiff's cell and wrote Plaintiff a false disciplinary ticket in retaliation for filing grievances, complaints and lawsuits. Defendants deny the allegations.

**III.   SUBJECT MATTER JURISDICTION**

    A.    This is an action for:

        1.      Compensatory damages;

        2.      Punitive damages; and

        3.      Injunctive relief.

B.    The jurisdiction of this Court is not disputed in that:

        1.      The facts giving rise to this action arose in the Southern District of Illinois.

        2.      This action is brought under the Federal Civil Rights Act, 42 USC §1983.

        3.      This Court has jurisdiction pursuant to 28 USC § 1331.

## IV.    AGREED TO ISSUES OF FACT

The parties stipulate to the following facts:

A.    Plaintiff was at all times relevant hereto an inmate of the Illinois Department of Corrections, and incarcerated at the Menard Correctional Center.

B.    Defendants were acting under color of state at all times relevant hereto.

C.    Defendants were employees of the Illinois Department of Corrections at all times relevant hereto.

## V.    AGREED TO ISSUES OF LAW

The parties agree that the following issues must be decided:

A.    Whether Defendants violated Plaintiff's First Amendments rights by retaliating against Plaintiff for the filing of complaints, grievances and lawsuits.

B.    Whether Defendants are entitled to qualified immunity.

C.    Whether Plaintiff is entitled to compensatory damages.

D.    Whether Plaintiff is entitled to punitive damages.

E.    Whether Plaintiff is entitled to injunctive relief, including protective custody relating to conflicts with staff members.

**VI.   WITNESSES**

    A.   Plaintiff intends to call the following witnesses:

        1.   Expert Witnesses

           None

        2.   Non-Expert Witnesses

           1)   Chad Todaro - Defendant
           2)   Lucas Maue - Defendant
           3)   Richard Clover - Defendant
           4)   Terri Dethrow - Defendant
           5)   Latoya Owens - Defendant
           6)   Sean Wolters
           7)   Rebecca Creason
           8)   Joanna Hulce Coll
           9)   Gil Maurkeese (#B-59750)
           10)  John Lee (#A-15590)
           11)  Patrick Carr (#N-08083)
           12)  Sherrell Towns (#B-20513)
           13)  James Patterson (#B-83251)
           14)  Gregory Turley (#N-08083)

        3.   Rebuttal Witnesses:

    Plaintiff reserves the right to call any witness listed on Defendants' Witness List as well as any witness necessary for rebuttal.

    B.   Defendant intends to call the following witnesses:

        1.   Expert Witnesses

           None

        2.   Non-Expert Witnesses
           1)   Gregory Turley
           2)   Gill Maurkeese (B-59750)
           3)   John Lee (A-15590)
           4)   Jennifer Clendenin
           5)   Brad Thomas
           6)   Chad Todaro
           7)   Lucas Maue
           8)   Richard Clover

     9) Terri Dethrow
     10) Terri Anderson
     11) Barbara Mueller
     12) Latoya Owens

  3. Rebuttal Witnesses:

  Defendant reserves the right to call any witness listed on Plaintiff's Witness List as well as any witness necessary for rebuttal.

 C. The Court will not permit counsel to call any witness who was not included on the calling party's Witness List.

## VII. EXHIBITS

**Exhibits Offered by Plaintiff:**

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 1 | Investigation Report with attachment | | |
| 2 | Grievance dated 12/14/2011 | | |
| 3 | Grievance dated 12/19/2011 | | |
| 4 | Grievance dated 1/24/2012 | | |
| 5 | Grievance dated 4/15/2012 | | |
| 6 | Grievance dated 8/30/2011 | | |
| 7 | Grievance dated 11/8/2011 | | |
| 8 | Grievance dated 6/14/2011 | | |
| 9 | Grievance dated 8/23/2011 | | |
| 10 | Grievance dated 8/31/2011 | | |
| 11 | IDR dated 12/10/2011 | | |
| 12 | Letter to AAG Hulce dated 11/6/2011 | | |
| 13 | Letter to AAG Hulce dated 11/15/2011 | | |
| 14 | Motion for FBI Investigation | | |
| 15 | Enemy List | | |

| | |
|---|---|
| 16 | South Tower Shakedown Log (Nov/Dec) |
| 17 | Letters from Terri Anderson (7/25/2012) |
| 18 | Stateville Transfer Packet |
| 19 | Transfer Coordinator Review (9/15/2011) |
| 20 | Cumm. Counseling Summary |
| 21 | Inmate Occupancy History Inquiry |
| 22 | 20 Ill Admin Code 501.320 |
| 23 | Inmate Movement Chart (11/14/2011) |
| 24 | Inmate Movement Chart (West) (11/14/2011) |
| 25 | Placement Office Cell House Transfer |
| 26 | PC Sign Out Form |
| 27 | Dethrow Interrog Responses |
| 28 | Anderson Interrog Responses |
| 29 | Owens Interrog Responses |
| 30 | Todaro Interrog Responses |
| 31 | Maue Interrog Responses |
| 32 | Aggression Level/Internal Class ID |
| 33 | 20 Ill Adm Code Subpart D: Protective Custody |
| 34 | Ill Adm Procedures Act 5 ILCS 100/5-20 |
| 35 | Dethrow Admissions |
| 36 | Todaro Admissions |
| 37 | Ill. Dept. of Central Management Letter |
| 38 | Menard Inmate Orientation Manual |

**Exhibits Offered by Defendants(s):**

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 1 | Plaintiff's Medical Records | X | Relevancy, prejudicial, Hearsay |
| 2 | Plaintiff's Grievance 12/14/2011 | | |
| 3 | Plaintiff's Grievance 12/19/2011 | | |
| 4 | Plaintiff's Grievance 4/15/2012 | | |
| 5 | Plaintiff's Grievance 1/24/2012 | | |
| 6 | Plaintiff's Grievance 12/10/2011 | | |
| 7 | Email Chain beginning 4/9/2012 | X | Foundation, Hearsay |
| 8 | South Lowers Shakedown Log | | |
| 9 | Plaintiff's Cumm. Counseling | | |
| 10 | Anderson Letter Dated 1/25/2012 | X | Foundation, Hearsay, Failure to Produce |
| 11 | PC Withdrawal (4/11/2012) | | |
| 12 | Spiller Email (4/11/2012) | X | Foundation, Hearsay, Relevancy |

**VIII.    DAMAGES**

       1.    Compensatory damages, including damages for physical and emotional distress;

       2.    Punitive damages; and

       3.    Injunctive relief seeking protection from staff members.

**IX.    BIFURCATED TRIAL**

    Not applicable.

**X.    TRIAL BRIEFS**

    The parties will not submit trial briefs

XI.     **MOTIONS IN LIMINE**

    The parties have already submitted motions in limine.

XII.     **DEPOSITIONS**

    Discovery is closed.

XIII.     **OTHER TRIAL RELATED MATTERS**

    A.     Trial Date: March 30, 2015, 9:00 a.m.

    B.     Trial Length: The parties believe that the trial will last three days.

    C.     Trial Type: Jury Trial on all factual and monetary damage issues. Any issues of law or injunctive relief shall be tried to the Court.

    D.     Voir Dire: The Court will conduct a general voir dire after which counsel shall be permitted to conduct additional voir dire.

    E.     Number of Jurors: There shall be a minimum of six jurors.

    F.     Witness Exclusion. On motion of counsel, the court will enter an order excluding witnesses from the courtroom during trial.

XIV.     **JURY INSTRUCTIONS**

Each party has submitted a complete set of proposed jury instructions to the Court.

**Dated: March 30, 2015.**

                                          */s/ Stephen C. Williams*
                                        **United States Magistrate Judge**